# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| TRACY LYNN AUTRY by and through her next friend and mother, CAROL HOOD, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| VS. | ) ) | No. 05-1213-T-An |
| PHIL HOOKER, et al., | ) ) | |
| Defendants. | ) ) | |

---

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT

---

Plaintiffs Tracy Lynn Autry and her next friend and mother, Carol Hood, originally filed suit in the Circuit Court for Gibson County, Tennessee, against various Milan High School officials. Plaintiffs asserted claims of intentional infliction of emotional distress, retaliation, breach of contract, hazing, and teacher malpractice, based on the alleged sexual harassment of Plaintiff Tracy Lynn Autry by Defendant Phil Hooker, a teacher at Milan High School. Defendants removed the action to this court pursuant to 28 U.S.C. § 1441. Plaintiffs have filed a motion to remand the action, and Defendants have filed a response to the motion. For the reasons set forth below, Plaintiffs' motion is GRANTED.

In general, a civil case filed in state court may be removed to federal court if it could have been brought in federal court originally. 28 U.S.C. § 1441(a). Thus, unless Congress

expressly provides otherwise, the federal courts may exercise removal jurisdiction over state-court actions "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  A defendant seeking to remove a case to federal court has the burden of proving that the jurisdictional requirements are met.  See Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994); Gafford v. General Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)).   The removal statutes are to be strictly construed, and there is a strong presumption against removal.  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290-91 (1938); Alexander, 13 F.3d at 949.

Defendants have invoked as the predicate for removal the district courts' original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Defendants contend that Plaintiffs' "exclusive remedy against the Defendants is found in federal law" under 42 U.S.C. § 1983 and 20 U.S.C. § 1681 ("Title IX").

This so-called "arising under" or "federal question" jurisdiction has long been governed by the well-pleaded-complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 318 (1987). A federal question "is presented" when the complaint invokes federal law as the basis for relief. It does not suffice that the facts alleged in support of an asserted state-law claim would also support a

federal claim. "The [well-pleaded-complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. See also The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("Of course the party who brings a suit is master to decide what law he will rely upon"). Nor does it even suffice that the facts alleged in support of an asserted state-law claim do not support a state-law claim and would only support a federal claim. "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 809 n. 6 (1986). Thus, federal jurisdiction must be disclosed upon the face of the complaint, unaided by the answer. Phillips Petroleum Co. v. Texaco, 415 U.S. 125, 127-128 (1974); Gully v. First National Bank, 299 U.S. 109, 113 (1936).

The complaint alleges that Defendant Hooker's purported sexual harassment of Plaintiff Autry constituted the state law claims of intentional infliction of emotional distress, breach of contract, and teacher malpractice. The complaint also alleges that Plaintiff Autry was subjected to retaliation and hazing when she reported the harassment.

To state a claim under 42 U.S.C. § 1983, a plaintiff must plead and prove: (1) a deprivation of a constitutional or civil right, and (2) that the deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In the present case, Plaintiffs have not pled that their constitutional or civil rights were deprived. Instead, they have asserted various state law claims.[1] Because the face of the complaint does

---

[1] The tort of intentional infliction of emotional distress, also known as the tort of outrageous conduct, was recognized in Tennessee in Medlin v. Allied Inv. Co., 217 Tenn. 469, 398 S.W.2d 270 (1966).

not show the elements of a § 1983 action, Defendants cannot remove the action on the basis of § 1983.[2]

Title IX provides, in pertinent part, that "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance...." 20 U.S.C. § 1681(a). Although the statute provides for administrative enforcement of this mandate, the Supreme Court has held that Title IX is also enforceable through an implied private right of action. See Cannon v. Univ. of Chicago, 441 U.S. 677 (1979). In Franklin v. Gwinnett County Public Sch., 503 U.S. 60 (1992), the Court established that sexual harassment of a student by a teacher constitutes actionable discrimination for the purposes of Title IX. Id. at 75.

While Plaintiffs could have brought their action under either § 1983 or Title IX, they did not do so. Instead, they have brought state law claims. Defendants have cited no authority for their argument, and the court knows of none, that these statutes provide for Plaintiffs' exclusive remedy.

Because Defendants have failed to establish federal jurisdiction on the face of the complaint, Plaintiffs' motion to remand is GRANTED. This action is hereby REMANDED

---

[2] The phrase "42 U.S.C. § 1983" does not have to appear in the complaint. However, the plaintiff must allege all of the elements of a claim under that section to invoke federal jurisdiction. Thomason v. Norman E. Lehrer, P.C., 182 F.R.D. 121, 126 (D.N.J. 1998). See also FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 839-40 (3rd Cir. 1996) (When district court dismissed section 1983 claim for lack of subject matter jurisdiction, appellate court reviewed complaint to determine "whether [it] alleges facts on its face which, if taken as true, would be sufficient to invoke the district court's jurisdiction"); Jemzura v. Public Serv. Comm'n, 971 F. Supp. 702 (N.D.N.Y. 1997) (Court may not hear action unless "federal question is presented on the face of plaintiff's properly pleaded complaint").

to the Circuit Court of Gibson County, Tennessee.  The clerk is directed to enter judgment

accordingly.

IT IS SO ORDERED.


JAMES D. TODD
UNITED STATES DISTRICT JUDGE

19 August 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 1:05-CV-01213 was distributed by fax, mail, or direct printing on August 22, 2005 to the parties listed.

---

Jennifer Craig
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

Janice Jones
CIRCUIT COURT, 28TH JUDICIAL DISTRICT
Gibson County Courthouse
Trenton, TN 38382

Sam J. Watridge
LAW OFFICE OF SAM J. WATRIDGE
1215 Main Street
Humboldt, TN 38343

Charles M. Purcell
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

Honorable James Todd
US DISTRICT COURT